# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sarah Kochis

**DEFENDANTS**

Luis Torres

**(b)** County of Residence of First Listed Plaintiff   Chester, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Stephen O'Hanlon, O'Hanlon Schwartz,
1500 JFK Blvd, Ste 1410, Phila., PA 19102 267.546.9066

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983

Brief description of cause:
Illegal seizure of Plaintiff Bivens Action

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 175,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/11/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05/2023

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Sarah   Kochis   1500 JFK Blvd, Ste 1410, Phila. PA 19102_

Address of Defendant: _30  N. 41st St., Phila. PA  19104_

Place of Accident, Incident or Transaction: _Coatesville, PA_

---

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____                              _2 08428_

*Attorney-at-Law **(Must sign above)***                    *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

**A. *Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☑ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify):* _____

**B. *Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _S. T. O'HANLON_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _12/11/25_                        _208428_

*Attorney-at-Law (Sign here if applicable)*          *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SARAH KOCHIS,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| *v.* | : | **NO.** |
| | : | |
| **LUIS TORRES** | : | **JURY TRIAL DEMANDED** |
| **USCIS/DHS SECURITY AGENT** | : | |
| | : | |
| **-or-** | : | |
| | : | |
| **JOHN DOE TORRES** | : | |
| **USCIS/DHS SECURITY AGENT,** | : | |
| | : | |
| *Defendant.* | : | |

### COMPLAINT AND JURY DEMAND

Plaintiff, Sarah Kochis, by and through her undersigned counsel of O'Hanlon Schwartz, P.C., hereby demands a trial by jury and complains against the above-captioned Defendant in his individual capacity with *Bivens* claims against the agent of the United States Government as follows:

### Statement of Claim and Jurisdiction

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth Amendment to the United States Constitution.  Defendant is sued in his individual capacity. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2.     It is alleged that the individual Defendant made an unreasonable seizure of Plaintiff person, violating her rights under the Fourth Amendment to the United States Constitution. Defendant also entered illegally into Plaintiff's school and detained her in a confined area there without a warrant or any exception to the warrant requirement.

**Parties**

3.      Plaintiff, Sarah Kochis (hereinafter "Plaintiff"), is a citizen of the United States and at all times relevant to the claims arising herein was a citizen of the Commonwealth of Pennsylvania and resident of Chester County, Pennsylvania.

4.      Defendant Luis Torres ("Defendant Torres") is a security agent of the  United Customs and Immigration Service ("USCIS") / Department of Homeland Security ("DHS) with a business address in Totowa, New Jersey.  Defendant Torres has a cell phone number, which was given to Plaintiff, of (215) 622-6902.

5.      In the alternative Defendant John Doe Torres ("Defendant Doe Torres") is the fictitious name of an agent that engaged in the acts as alleged herein.  Defendant Doe Torres has a cell phone number, which was given to Plaintiff, of (215) 622-6902.

6.      Defendant Torres or Doe Torres was at all times relevant to this complaint duly appointed and acting agent of the United States of America, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the United States of America and claims are brought pursuant to the United States Constitution and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

7.      At all times relevant hereto, Defendant acted pursuant to 8 CFR 287.5 and had the power and authority to execute searches, seize evidence, and make arrests and therefore is "investigative or law enforcement officer" within the meaning of 28 U.S.C. § 2680(h).

**Facts**

8.      On December 15, 2023, Plaintiff and her Indian national husband, Prithvi Tipireni, were both working at their place of employment at the Chester County Intermediate Unit's Child and Career Development Center in Coatesville, Pennsylvania.

2

9.    While working, Plaintiff received a phone call from a USCIS agent who identified

himself as Agent Torres.  This was Defendant Torres or Defendant Doe Torres.  He demanded to

hold an in-person interview with Plaintiff's husband and Plaintiff at their workplace to gain more

information to finish their application for Plaintiff's husband's adjustment of status after they

completed their interview at the USCIS office several months before.  Plaintiff quickly talked with

her husband and they called their immigration lawyer.  Plaintiff arranged to meet Defendant Torres

/ Doe Torres at the front office of Plaintiff's school via text and phone call.

10.    Upon Defendant's arrival, Plaintiff was first questioned about basic facts of her

case with little to no concerns raised by Defendant Torres / Doe Torres.  Plaintiff was then told

she was free to leave and Plaintiff returned to her work duties while Plaintiff's husband was

interviewed.

11.    After Plaintiff's husband was interviewed, Defendant Torres / Doe Torres ordered

Plaintiff's work administration to call Plaintiff back to talk more over the work loudspeaker.

12.    Plaintiff returned and was then verbally harassed, insulted, and intimidated

Defendant Torres / Doe Torres. Defendant Torres / Doe Torres told Plaintiff that Plaintiff

definitively was committing a crime by applying for a "fraudulent" adjustment of status.

Defendant Torres / Doe Torres told Plaintiff that she was not free to leave and Plaintiff was seized

and confined in a room by armed Defendant Torres / Doe Torres and another agent.

13.    Defendant Torres / Doe Torres falsely insisted that Plaintiff's husband and Plaintiff

had a financial agreement rather than a legitimate marriage.  Defendant Torres / Doe Torres stated

if Plaintiff left the room without signing paperwork Defendant Torres / Doe Torres supplied,

withdrawing the adjustment of status request, that Defendant Torres / Doe Torres would arrest

Plaintiff and file federal charges against Plaintiff and ensure that Plaintiff lost her professional license as a Speech Language Pathologist.

14.    Plaintiff repeatedly refused to sign and told the agents they were incorrect, but Defendant Torres / Doe Torres and a colleague insisted that they would arrest Plaintiff if she did not sign a withdrawal form. Plaintiff was not free to leave. She was detained by armed Defendant Torres / Doe Torres in a confined area without reasonable suspicion, probable cause, or a warrant.

15.    Plaintiff was having an obvious panic attack, hyperventilating, and in clear distress. Plaintiff repeatedly asked to speak with her lawyer over the phone and was verbally denied for "not having the correct form filed." This was later discovered to be completely false.

16.    Plaintiff asked to leave and was told by Defendant Torres / Doe Torres that she would be arrested and face federal charges for things Plaintiff had not done if she attempted to leave. Under duress, Plaintiff took the form and Defendant Torres / Doe Torres told Plaintiff specific facts to write on the form that were not true. Plaintiff ensured that she wrote that she wanted legal counsel on the form and wrote factually from her end (e.g., "our marriage is legitimate, we consummated the marriage, we live together, and there is no financial deal/agreement"). Defendant Torres / Doe Torres told Plaintiff to write specific wordings that Plaintiff attempted to avoid but was corrected at least once. Defendant Torres / Doe Torres left with little said after Plaintiff was forced to sign by Defendant Torres / Doe Torres. Plaintiff then had to take the rest of the day off as a personal day due to the intense emotional and mental distress and physical symptoms related to the distress.

17.    After the agents left, Plaintiff immediately talked with her husband and their lawyer and texted Defendant Torres / Doe Torres' phone number that Plaintiff and her husband wanted to continue with their application and that the withdrawal was signed under clear duress. Plaintiff

4

received no response. Years later, Plaintiff and her husband's application was denied and labeled as withdrawn by Plaintiff using the form signed under duress.  This has led to expenditure on attorneys' fees, travel restrictions, and emotional and physical distress.

18.    Plaintiff wrote to USCIS/DHS to complain about  her seizure by Defendant Torres / Doe Torres on December 15, 2023.  There was no response.

19.    As a direct and proximate result of the Defendant's actions, Plaintiff was effectively arrested and imprisoned without probable cause and forced to sign a false statement under threat of being arrested and losing her job.

20.    Defendant's actions, acting under color of federal law, deprived the Plaintiff of her rights under the Constitution of the United States; in particular, the right to be secure in her person, to be free from seizure, false arrest, and imprisonment.

21.    By these actions, Defendant has deprived Plaintiff of her rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. Section 1983 and *Bivens*. As a direct and proximate result of the said acts of Defendant, Plaintiff suffered the following injuries and damages:

a.    Violation of her Constitutional rights under the Fourth to the United States Constitution;

b.    Loss of physical liberty and coercion under threat of arrest;

c.    Emotional injury;

d.    Hindering of immigration process for Plaintiff and her husband.

22.    The actions of Defendant Torres / Doe Torres violated the following clearly established and well-settled federal constitutional rights of Plaintiff:

a.    Freedom from the unreasonable seizure of her person;

5

b.    Compulsion to engage in coerced acts under threat of state use of force;

23.    Defendant Torres / Doe Torres' actions were malicious, illegal, unlawful, and directed at depriving Plaintiff of her constitutional rights.

## Causes of Action

### COUNT ONE:  42 U.S.C. § 1983 - FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON CLAIMS BY PLAINTIFF AND AGAINST DEFENDANT

24.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

25.    Plaintiff claim damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Torres / Doe Torres for infringing upon her Fourth Amendment rights to be free from unreasonable and illegal seizure of her person.

26.    At all times during the events described above, Defendant Torres / Doe Torres lacked probable cause to detain Plaintiff and not allow her to leave.

27.    At all times during the events described above, Defendant Torres / Doe Torres lacked probable cause to seize Plaintiff.

28.    Plaintiff were illegally seized by Defendant.

29.    All of Defendant Torres / Doe Torres' aforementioned acts were carried out under the color of federal law and by Defendant in his capacity as a federal agent, with all actual and/or apparent authority afforded thereto.

30.    All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983 and *Bivens*, including the right to be free from unreasonable seizure.

6

31.    Defendant Torres / Doe Torres ordered Plaintiff to a confined area and ordered that Plaintiff stay there without any legal justification. This conduct is outrageous, willful, wanton, malicious, and done with reckless disregard for Plaintiff's rights and safety, and therefore warrants the imposition of exemplary and punitive damages to punish and deter Defendant and others like the Defendant from further wrongdoing.

32.    Defendant had personal involvement in the infringement of Plaintiff's Fourth Amendment rights and Defendant was acting under color of federal law.

33.    Accordingly, Plaintiff should be compensated for the violation of her Fourth Amendment rights to be free from unlawful and unreasonable seizure and effective imprisonment.

### Prayer for Relief

WHEREFORE, Plaintiff requests that this Court:

a.    Award compensatory damages to Plaintiff against Defendant;

b.    Award costs of this action to Plaintiff;

c.    Award reasonable attorneys' fees and costs to Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 and any other applicable law;

d.    Award punitive damages to Plaintiff against Defendant to punish him for the wanton and willful actions described above and to deter further wrongdoing;

e.    Award such other and further relief as this Court may deem appropriate.

7

Respectfully submitted,

**O'HANLON SCHWARTZ, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

### Demand for Jury Trial

Plaintiff hereby demands a jury trial.

O'HANLON SCHWARTZ, P.C.

_____
STEPHEN T. O'HANLON, ESQUIRE

DATE:  December 11, 2025

**O'HANLON SCHWARTZ, P.C.**
BY:    Stephen T. O'Hanlon, Esquire (PA Bar # 208428)
Attorney for Plaintiff
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 563-6617
steve@ohanlonschwartz.com